UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY WILLIAM TINGLEY,

    Plaintiff,

v

STATE OF MICHIGAN, et al.,

    Defendants.

Case No. 1:20-cv-00094

HON. JANET T. NEFF

MAG. SALLEY J. BERENS

---

Christopher M. Wirth (P70174)
Attorney for Plaintiff
CORE LEGAL PLC
250 Monroe Avenue NW, Suite 400
Grand Rapids, MI 49503
(616) 855-2145
cwirth@corelegalplc.com

Neil A. Giovanatti (P82305)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorneys for State Defendants
Health, Education, & Family Services Division
P. O. Box 30758
Lansing MI 48909
(517) 335-7603
giovanattin@michigan.gov
drysdalecrownc@michigan.gov

Dan E. Bylenga (P32154)
Attorney for YWCA Defendants
Chase Bylenga Hulst PC
25 Division Ave S Ste 500,
Grand Rapids, MI 49503-4233
(616) 608-3061
dan@chasebylenga.com

---

**STATE DEFENDANTS' PRE-MOTION CONFERENCE REQUEST**

Defendants State of Michigan, Michigan Department of Health and Human Services (MDHHS), Robert Gordon, Herman McCall, JooYeun Chang, Kent County Department of Health and Human Services, Tracey Fountain, Savator Selden-Johnson, Scott Orr, Jeremy Novosad, Keri Desmarais, Daniel Kuchan, and Shelbie Williams (collectively "State Defendants"), by and through counsel, submit this pre-motion conference request in accordance with the Court's Civil Guideline IV(A)(1), in anticipation of State Defendants' forthcoming motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12. Below is a brief substantive description of the grounds for State Defendants' contemplated motion:

1. **Failure to State a Claim** – Plaintiff failed to plead "sufficient factual matter" to support any of his asserted claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's "[t]hreadbare recitals of the elements of [the alleged] cause[s] of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2. **Eleventh Amendment Immunity** – All federal claims brought against the State of Michigan, MDHHS, and the State Defendants in their official and professional capacities are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Gentry v. Rollins*, No. 90-6391, 1991 U.S. App. LEXIS 17577, at *2 (6th Cir. July 24, 1991).

3. **Qualified Immunity** – For all federal claims brought against Defendants Selden-Johnson, Orr, Novosad, Desmarais, Kuchan, and Williams in their individual capacities, these defendants are entitled to qualified immunity from

1

such claims because Plaintiff cannot point to caselaw from the Supreme Court, the Sixth Circuit, the Michigan Supreme Court, or this judicial district that clearly establishes any of the constitutional violations alleged in the Complaint. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018); *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994).

4. **Certain claims are time barred** – The statute of limitations for claims asserted under 42 U.S.C. § 1983 and for gross negligence claims is three years. *See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); M.C.L. § 6452(1). Accordingly, all of Plaintiff's constitutional and gross negligence claims based on allegations prior to February 3, 2017—three years before Plaintiff filed his Complaint—should be dismissed, which includes all claims against Defendants Kuchan and Bolden. *See* Complaint ¶¶ 46-80 (PageID.10-16). The statute of limitations for defamation is one year. M.C.L. § 600.5805(11). Thus, any statement made prior to February 2, 2019 could not form the basis of a defamation claim.

5. ***Rooker-Feldman* Bars Review of State Court Orders** – The *Rooker-Feldman* doctrine bars Plaintiff from challenging the state Circuit Court's Order regarding Plaintiff's custody and visitation with the children. *See* Complaint ¶¶ 101-104 (PageID.19); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent Counts 1, 5, 6, and 7 of the Complaint are based on the temporary removal and required supervised visitation, the claims are accordingly barred.

6. **Absolute Immunity from All State Torts** – Social workers are entitled to absolute immunity from any and all tort claims arising from child protective services investigation and proceedings. *See Martin v. Children's Aid Society*, 215 Mich. App. 88, 93-99 (1996); M.C.L. § 722.625. Here, Defendants Selden-Johnson, Orr, Novosad, Desmarais, Kuchan, and Williams are all entitled to absolute immunity as Plaintiff challenges their actions related to child protective services investigations and proceedings.

7. **Immunity from Intentional Torts** – State actors are immune from intentional tort liability where the actions were taken in "the course of [their] employment," "were undertaken in good faith," and "were discretionary." *Odom v. Wayne Cty.*, 482 Mich. 459, 469 (2008). As Plaintiff has not plead facts to negate this immunity, Plaintiff's defamation claim—an intentional tort—fails.

8. **Immunity from Negligence Torts** – All of the State Defendants are immune from Plaintiff's negligence claim (Count 7) pursuant to M.C.L. § 691.1407(2).

9. **Kent County-MDHHS is not a suable entity** – The Kent County office of MDHHS is not an independent entity—it is a subdivision of MDHHS. Kent County-MDHHS is accordingly not a suable entity. *Cf. Johnson v. LCDC Med. Staff*, No. 4:09-cv-13, 2009 U.S. Dist. LEXIS 36929, at *4 (E.D. Tenn. Apr. 29, 2009) (subdivision of a sheriff's department is not an independently suable entity).

WHEREFORE, Defendants respectfully request this Court schedule a pre-motion conference to discuss State Defendants' forthcoming motion to dismiss, or, in the alternative, set a briefing schedule for this motion.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Neil A. Giovanatti*
Neil A. Giovanatti (P82305)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorney for State Defendants
Health, Education, & Family Services Division
P. O. Box 30758
Lansing MI 48909
(517) 335-7603
giovanattin@michigan.gov
drysdalecrownc@michigan.gov

Dated:  March 23, 2020

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 23, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System which will send notification of such to all represented parties, including Plaintiff.

*/s/ Neil A. Giovanatti*
Neil A. Giovanatti (P82305)
Assistant Attorney General