**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Southern Division**

TROY WILLIAM TINGLEY

      Plaintiff,

                         Case No. 1:20-cv-00094

Vs                          Honorable Janet T. Neff

                         Magistrate Salley J. Berens

STATE OF MIGHIGAN, et al

      Defendants

---

CHRISTOPHER M. WIRTH (P70174)
*Attorney for Plaintiff*
CORE LEGAL PLC
250 Monroe Avenue NW, Suite 400
Grand Rapids, MI 49503
D: (616) 855-2145
F: (616) 879-0400
CWirth@CoreLegalPLC.com


DAN E. BYLENGA (P32154)
*Attorneys for YWCA Defendants*
Chase Bylenga Hulst PC
25 Division Ave S Ste 500
Grand Rapids, MI 49503
(616) 608-3061
dan@chasebylenga.com

NEIL A. GIOVANATTI (P82305)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
*Attorneys for State Defendants*
Health, Education, & Family Service Division
PO Box 30758
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
drsydalecrown@michigan.gov


NICOLE LUSTER
Defendant
*Pro Se*

CINDY L. SHACKLETON
Defendant
*Pro Se*

---

**MOTION FOR LEAVE
TO AMEND COMPLAINT**

---

1

**Motion**

Plaintiff moves the court to grant leave to file his first Amended Complaint, attached hereto as Exhibit A, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In support, Plaintiff states the following:

1. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

2. Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

3. The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

4. In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). See also *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

5. In the instant case, this is Plaintiff's first request to amend his complaint.

6. The proposed Amended Complaint clarifies the causes of action and alleges substantially more factual specificity supporting each cause of action, whereby supporting that this lawsuit will survive a motion to dismiss if brought on by the Defendants.

7. State Defendants and YWCA Defendants each filed Pre-Motion Conference Requests prior to the case assignment to the Magistrate.

8. Plaintiff's proposed Amended Complaint does not unduly prejudice Defendants as it resolves several issues raised in their Pre-Motion Conference Requests, including removing Defendants MDHHS, Kent County – MDHHS and Cottrell.

9. Granting Plaintiff's request will not prejudice Defendants as none of the Defendants have filed dispositive motions to date.  Entering Plaintiff's proposed Amended Complaint creates efficiency for the Defendants and the court by addressing the facts and causes of action contained in the Amended Complaint rather than the original Complaint.

10.     Plaintiff has not acted with undue delay as there are numerous Defendants in this action, and thousands of pages of case reports, professional reports, state policies, and transcripts which needed to be reviewed and considered in pleading the amended allegations and causes of action in the proposed Amended Complaint.

11.     Additionally, Plaintiff has not acted in bad faith as Plaintiff's counsel was in communication with counsel for the State Defendants and YWCA Defendants regarding the intent to amend the complaint and agreement not to seek discovery upon the Defendants until such time as this motion was brought.

WHEREFORE, Plaintiff requests that the court grant leave to amend his complaint and enter the Amended Complaint attached hereto as Exhibit A.

Dated: July 21, 2020.                    s/ Christopher M. Wirth (P70174)
                                         CORE LEGAL PLC
                                         250 Monroe Avenue NW, Suite 400
                                         Grand Rapids, MI 49503
                                         (616) 855-2145